IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case Nos. 1:16-cr-10010
                                      & 1:16-cr-10016

JAMAAL E. BONNET                                                          DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018 ("FSA"). 1:16-cr-10016, ECF No. 18. The Government has responded. 1:16-cr-10016, ECF Nos. 22 and 25. The Court finds the matter ripe for consideration.[1]

## BACKGROUND

On October 5, 2016, Defendant was named in a two-count indictment filed in the Western District of Arkansas. ECF No. 1. The two charges were for: 1) being a felon in possession of a firearm in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and 2) possession of methamphetamine with intent to distribute on a premise with an individual under the age of 18 years present or residing in violation of Title 21 U.S.C. §§ 841(a)(1) and 860(a). ECF No. 1. Defendant entered into a plea agreement in which he pled guilty to the charge of possessing methamphetamine with intent to distribute. ECF No. 25. On October 17, 2017, the final Presentence Investigative Report ("PSR") was submitted and calculated a United States Sentencing Guidelines ("USSG") range for Defendant of 168 to 210 months. ECF No. 30. The Sentencing Recommendation submitted the same day as the PSR recommended a sentence of 180

---

[1] Defendant filed identical motions in each case number. The Court's references to the record from this point will be for Case No. 1:16-cr-10010. When referencing Defendant's revocation proceeding under 1:16-cr-10016 or his prior conviction under Western District of Louisiana (WDLA) Case No. 3:07-cr-30026, the Court will specifically cite to those case numbers.

months.  ECF No. 31.  On May 4, 2018, the Court sentenced Defendant to 108 months imprisonment, 3 years supervised release, and a $100 special assessment.  ECF No. 36.

At the time of Defendant's conduct for his most recent conviction, he was subject to supervised release for a prior conviction in the Western District of Louisiana in Case No. 3:07-cr-30026.  ECF No. 30.  Defendant was released from his confinement for that conviction and began supervised released on April 1, 2016.  *Id*. at ¶ 42.  In the revocation proceeding for violating the terms of supervised release for the prior conviction, a recommended sentence of 37 months imprisonment was submitted to the Court.  Case No. 1:16-cr-10016, ECF No. 12.  The Court sentenced Defendant to 30 months imprisonment to run consecutively with the sentence for his current conviction, which brought Defendant's total time in confinement to 138 months.  Case No. 1:16-cr-10016, ECF No. 12.

On January 25, 2021, Defendant filed the pending motion to reduce his sentence pursuant to the FSA.  ECF No. 44.  Defendant argues that his health issues combined with the ongoing Covid-19 pandemic create extraordinary and compelling circumstances that justify reducing his sentence to time served and releasing him from confinement. Specifically, Defendant contends that his hypertension and seizure disorder make him more vulnerable to serious adverse effects from contracting Covid-19 and that his current incarceration makes contraction more likely. Defendant also argues that the required consideration of the sentencing and public safety factors favors his release.  As to the sentencing factors, Defendant contends that the pandemic creates a harsher sentence than initially anticipated and that the time he has served so far has fulfilled its deterrence purposes.  For the public safety considerations, Defendant emphasizes his clean disciplinary record during confinement. Adding that good behavior to his productive work during confinement and efforts toward getting his GED, he contends that these characteristics offer a

2

strong indication that he poses little risk to the public if released.  Defendant also states that he anticipates a stable living situation upon release because he will live with either his wife or mother.

The Government responded in opposition to Defendant's motion.  ECF No. 47.  The Government argues that Defendant has failed to show that there are extraordinary and compelling reasons making his release proper.  The Government specifically contends that Defendant's health issues are not those that put him at risk for serious adverse health outcomes if he contracts Covid-19.  The Government also details measures and precautions the Bureau of Prisons ("BOP") has adopted to reduce the spread of Covid-19 within its facilities.  These measures include testing and screening of all new inmates, suspension of visitation, and the ongoing implementation of the BOP's Covid-19 vaccination plan.  ECF No. 47, p. 12-13.  The Government concedes that Defendant is likely not in a high priority group for receiving a vaccine, but notes that this reflects the reality that his health issues do not put him at a higher risk of serious adverse health outcomes from Covid-19.  *Id*. at p. 13.  For the sentencing factors, the Government highlights that Defendant has served just over 45% of his sentence even with the assumption that he will receive all his credit for good time.  Without credit for good time, he has only served roughly 40%.  The Government argues that releasing Defendant after such a small amount of his sentence has been served would severely undermine the deterrence effect the sentence is meant to have.  The Government also points to Defendant's prior criminal convictions as an issue undermining his motion under the sentencing factors.  As to the public safety considerations, the Government reiterates that Defendant's criminal history undermines his motion.  The Government further emphasizes that the Defendant's current conviction is the result of conduct done while on supervised release for a prior conviction and indicates a high likelihood of recidivism.

The Government filed an additional response. ECF No. 50. The Government did so to update its position regarding whether Defendant's circumstances are extraordinary and compelling. *Id*. The Government states that new guidance from the Centers for Disease Control ("CDC") elevates hypertension to a condition that can make one more likely to get severely ill upon contracting Covid-19. *Id*. at p. 2-3 (citing *People at Increased Risk: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html). Therefore, the Government concedes that having hypertension is a medical condition that would be considered serious and diminishes one's ability to provide self-care within a correctional facility. *Id*. at p. 3. However, the Government states that BOP records indicate that Defendant's hypertension has been resolved since about April 15, 2021, and that his prescription medication for his condition has been discontinued. *Id*. The Government also notes that Defendant declined an offer for vaccination against Covid-19 on March 4, 2021. *Id*. The Government concludes that the change in condition and refusal to vaccinate indicate that Defendant's health is no longer at serious risk from Covid-19 and that he does not view his situation as dangerous. *Id*.

## DISCUSSION

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before an analysis of those factors can begin, the Court must determine if Defendant has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A).

4

The FSA provides two avenues for a defendant to bring a compassionate release motion to a district court.  The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).

Defendant bears the burden of showing that she exhausted her administrative rights with the BOP before filing a compassionate-release motion.  *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50.  In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed in. 28 C.F.R. § 571.61(a).  If the warden approves the request, it is sent to the BOP's general counsel for approval.  28 C.F.R. § 571.62(A)(1).  If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2).  If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf.  28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days.  18 U.S.C. § 3582(c)(1)(A)(i).  If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.  28 C.F.R. § 571.63(a).  If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time.  28 C.F.R. § 571.63(b-c).

In this case, Defendant's first request to his warden for a reduction in his sentence was denied on May 19, 2020. ECF No. 44-1, p. 1. Defendant's next request to his warden for a reduction in his sentence was received on October 15, 2020. *Id*. at p. 2. The record does not contain a response to that request and the Government states that it is unaware of any response. ECF No. 47, p. 4. Accordingly, Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i) and the Court can evaluate his motion on the merits.

**B. Extraordinary and Compelling Reasons**

The Court finds that Defendant has failed to show that there are extraordinary and compelling reasons justifying a reduction in his sentence and a release from confinement.

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[2] This

---

[2] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the

policy statement limits "extraordinary and compelling reasons" to only include the following four circumstances:

> (A) Medical Condition of the Defendant. –
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is –
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

---

pre-FSA policy statement or if courts can look beyond those examples.  Courts have answered that question with mixed results.  *See United States v. Brown*, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement).  However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons.  *See U.S. v. Schmitt*, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance).

Defendant argues that his health issues combined with the ongoing Covid-19 pandemic create extraordinary and compelling circumstances justifying his release under U.S.S.G. § 1B1.13 cmt. n.1(A)(ii) or (D).  ECF No. 44, p. 8.  The Court is not persuaded.  The Government has noted that hypertension is now a condition that can increase the risk of severe illness upon contracting Covid-19 and concedes that hypertension would place an individual within U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).  ECF No. 50, p. 3.  However, the Government has also informed the Court that Defendant no longer suffers from hypertension and has refused a Covid-19 vaccine.  *Id*.  Defendant's other listed health issue, a seizure disorder, is not a condition listed by the CDC as creating a greater risk of severe illness with Covid-19 and is currently "well controlled" with prescription medication.  ECF No. 45-1, p. 2.  Defendant's resolved hypertension removes him from fitting within § 1B1.13 cmt. n.1(A)(ii)(I), and his seizure disorder cannot be considered a serious enough issue during the pandemic to place him within the § 1B1.13, cmt. n.1(D) catch-all provision.  Accordingly, Court finds that Defendant has failed to show that his circumstances are extraordinary and compelling and thus they cannot warrant release under § 3582(c)(1)(A)(i).

### C. § 3553(a) Sentencing Factors

Even if Defendant had presented an extraordinary and compelling reason for compassionate release, the Court would still deny such release upon its evaluation of the factors under 18 U.S.C. § 3553(a).  That statute provides:

(a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

     (B) to afford adequate deterrence to criminal conduct;

     (C) to protect the public from further crimes of the defendant; and

     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

     Defendant argues that the pandemic creating a harsher sentence than initially anticipated and the amount of time he has already served support his release under the § 3553(a) sentencing factors. The Court is not persuaded. For the overarching argument that the sentence has become greater than necessary under § 3553(a) due to the pandemic, the Court already determined above that Defendant's health issues do not pose the significant risk he claims. Also, Defendant has served less than half of his sentence as adjusted on the assumption that he will receive all his credit for good time. ECF No. 47, p. 3. Release with less than half his sentence served would significantly undermine § 3553(a)(2)(A) and (B)'s requirements that a sentence promote respect for the law and offer adequate deterrence for future crimes by Defendant. Defendant's prior criminal convictions also weigh against his motion under § 3553(a)(1)'s required consideration of Defendant's history. ECF No. 30, ¶¶ 39-42. Accordingly, the Court finds that an evaluation of

the § 3553(a) sentencing factors does not support Defendant's request for reduction in his sentence pursuant to § 3582(c)(1)(A).

### D. Safety Considerations Under 18 U.S.C. § 3142(g)

The Court also finds that the necessary consideration of public safety prevents the Court from grating Defendant's request for release.

The requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation of the 18 U.S.C. § 3142(g) safety factors. *See* USSG § 1B1.13(2). The factors for consideration under § 3142(g) are:

> (g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
>
>> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>>
>> (2) the weight of the evidence against the person;
>>
>> (3) the history and characteristics of the person, including—
>>
>>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>>
>>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>>
>> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government,

> conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Defendant argues that his good behavior during confinement coupled with his productive work and efforts at education indicate that his release presents little risk to public safety. The Court is not persuaded. First, § 3142(g)(3)(A)'s required consideration of Defendant's criminal history weighs against him just as § 3553(a)(1)'s consideration of Defendant's history does. ECF No. 30, ¶¶ 39-42. Further, § 3142(g)(3)(B)'s required consideration of whether Defendant was still in the process of completing a sentence for a prior offense at the time of the current offense is particularly harmful to his motion. Defendant was months into the supervised release portion of his sentence for a prior conviction when he committed the offense for which he is now serving a sentence. ECF No. 30, ¶¶ 11-16, 42. That casts serious doubt on Defendant's contention that he poses little risk of recidivism if his sentence is reduced to time served and he is released. The Court notes Defendant's good conduct and efforts toward achieving his GED during his confinement. However, those positive developments cannot overcome the Court's concerns regarding his criminal history and the circumstances of his latest offense at this time. Accordingly, Defendant's motion must fail in light of § 3142(g)'s considerations of public safety.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's motion (1:16-cr-10016, ECF No. 18) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 1st day of June, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge